THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.*
HIRAM M. CHASE.

*v.*

ERASTUS S. WILLIAMS *et al.*

1. MASTER IN CHANCERY *in the city of Chicago—officer de facto.* In a proceeding to compel the judges of the circuit court of Cook county to recognize a person who was appointed master in chancery by the recorder's court of the city of Chicago, prior to the adoption of the new constitution of 1870, and to refer causes to him, in that capacity, it was *held,* whether there was authority for his appointment originally or not, he is an officer *de facto,* and his acts would be valid as to the public and third persons.

2. MANDAMUS—*discretionary powers.* Whether a circuit court shall refer causes to a particular master in chancery, for the purpose of taking proofs, etc. on the request of a party, is discretionary with that court, and a performance of the act can not be compelled by mandamus.

This was an application to this court for a writ of mandamus, the ground for which is set forth in the opinion of the court.

Mr. EMERY A. STORRS, for the relator.

Mr. MELVILLE W. FULLER, for the respondents.

Per Curiam: This is an application to this court for a mandamus, to compel the judges of the circuit court to refer a certain cause pending therein, on the chancery side thereof, and in which a default had been taken, to the relator as master in chancery, to take proofs, etc. pursuant to the practice of the court.

An alternative writ has been allowed, to which respondents have demurred. The writ alleges, in substance, that on the sixth of September, 1865, the relator received an appointment as master in chancery in the city of Chicago, Cook county, from the judge of the recorder's court of the city of Chicago; that he gave and filed the proper bond, and took, subscribed and filed the proper oath of office, and has ever since held said office, and filled said appointment; that on the sixth day of September, 1869, he was re-appointed by the judge of said court, by an appointment in writing, and duly entered of record, in which he is appointed " master in chancery in the city of Chicago, in said county of Cook, Illinois," " to have and to hold said office for and during the term prescribed by law, and until his successor is appointed," etc.; that he again gave the requisite bond, and took the oath prescribed by law, and has since continued to act and fill said office of master in chancery.

The writ then recites the pendency of said chancery suit, the default of the defendants therein, and a motion by complainant's solicitor in said cause, that the same be referred to relator as master in chancery; the refusal of the court so to do on the ground that the judges had no right to recognize relator as master in chancery.

Many other facts are alleged, but the above are deemed sufficient for the purposes of this case.

Before and at the time of the act creating the recorder's court, there was a statute which declared, that " the several circuit courts of this State shall have power to appoint in each county a master in chancery, who shall hold his office," etc. Gross' Stat. Chap. 21, p. 95.

The first section of the act creating the recorder's court of the city of Chicago, contains the provision following: "Said court, and the judge and clerk thereof, shall, respectively, have the like power, authority, jurisdiction and perform the like duties as the circuit court, and the judge and clerk thereof, in relation to all matters, suits, prosecutions and proceedings within the city of Chicago, so far as the same are not otherwise limited by this act."

It was doubtless under the power conferred by this provision, that these appointments were made. The relator, however, received them in the terms above set forth, and has ever since exercised the powers and performed the duties of the office.

The sixth section of the schedule to the new constitution is thus: "All persons now filling any office or appointment, shall continue in the exercise of the duties thereof, according to their respective commissions or appointments, unless by this constitution it is otherwise directed."

Whether the appointment of relator was originally legal or not, is a question into which we will not inquire in this proceeding. He is undoubtedly an officer *de facto*, and his acts would be valid as to the public and third persons, and where parties to suits, or counsel, desire to avail themselves of his services as master, the circuit court might, with entire propriety, permit them so to do. It is not a case where there are contestants for an office, nor a *quo warranto* to inquire into his right to the office which he has been filling. The court, however, are of opinion, that the act sought to have performed by the circuit court is of a discretionary character, and its performance can not be compelled by mandamus.

Demurrer sustained and peremptory writ denied.

*Mandamus denied.*